STATE OF CONNECTICUT *v.* W. KENDALL COMSTOCK

REVIEW DIVISION OF THE SUPERIOR COURT

Decided January 4, 1965

*Fred A. Hitt,* of Cheshire, for the defendant.

*Raymond J. Quinn, Jr.,* assistant prosecuting attorney, for the state.

BY THE DIVISION. On November 13, 1964, the defendant, sixteen years of age, was presented for

sentence in the Circuit Court in the fourth circuit on an information charging him with using a motor vehicle without the owner's permission, in violation of § 14-229 of the General Statutes, which prescribes a penalty of a fine of not more than $1000 or imprisonment for not more than one year, or both, for a first violation. He was also presented for sentence on a two-count information transferred from the eighteenth circuit which charged him with breaking and entering with criminal intent, in violation of § 53-76, for which the prescribed penalty is imprisonment for not more than four years, and with theft of less than $15, in violation of § 53-63(a), for which the prescribed penalty is a fine of not more than $25 or imprisonment for not more than thirty days or both.

Upon pleas of guilty to each of the three charges contained in the two informations against him, the court sentenced him to a term in the Connecticut reformatory for each offense, to be served concurrently. An offender sentenced to the reformatory by the Circuit Court may be detained there not more than two years. General Statutes § 17-391. The parole rule in effect at the reformatory provides that an inmate sentenced "for a term of not more than two years may be considered for parole when he has served a minimum of one year, except that he may earn a reduction of three months for a satisfactory institutional record." Accordingly, the effective sentence was not more than two years, with eligibility for parole after nine months in the event the defendant has a "satisfactory institutional record."

The events which led to the charge of taking a motor vehicle without the owner's permission were that the defendant and a friend went to a used-car lot, where they said they would like to try a car out.

When the person in charge went to his office to fill out the necessary papers, the defendant drove off with the car, which was later abandoned and recovered by the police. The facts in regard to the breaking and entering and theft charges are that a friend found a key to a clubhouse hanging on a beam and the defendant accompanied him in entering the cottage four times. The defendant went in once alone, using the same key. On one occasion, the two boys stole $5 or $6.

Despite his youth, the defendant has a juvenile record going back to 1958. The defendant's mother died in 1961, and his father has been unable to control or exercise an effective restraint over him.

The transcript of the proceedings at the time of sentencing indicates that the court was very troubled in respect to the imposition of sentence in this case and apparently took into consideration that an application for a review of sentence would be made to this division. It is, of course, the function and duty of a sentencing judge to impose such punishment as that judge deems fitting and appropriate for the crime for which a defendant has been convicted. Under our law, the sentencing judge ordinarily has a wide latitude in determining the sentence to be imposed. However, we do not deem it appropriate for the sentencing judge to consider in any way the action that may be taken by this division in respect to any sentence to be imposed by him.

In this case, the breaking and entering offenses were in the nature of trespasses, the theft was incidental and petty, and the defendant was sixteen years of age. He had been confined in the county jail for twenty-one days before sentence because he had been unable to furnish a bond. Under all the circumstances, an effective sentence of not more

than two years, without possibility of parole for nine months, was too severe and ought to be modified.

It is ordered that the sentence imposed by the Circuit Court in this case be suspended as of February 1, 1965, and the defendant released from custody on that date.

BOGDANSKI, MEYERS and PALMER, Js., participated in this decision.